```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


GERARDO VILLARREAL,              §
TDCJ-CID #573328,                §
                                 §
            Petitioner,          §
                                 §      CIVIL ACTION NO. H-06-1962
v.                               §
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
            Respondent.          §
```

## MEMORANDUM OPINION AND ORDER

Gerardo Villarreal, a prisoner of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus challenging the outcome of a TDCJ-CID disciplinary hearing.  This action will be dismissed because it is baseless.

### I.  Procedural History and Claims

Villarreal is serving a 25-year sentence in prison pursuant to a conviction for conspiracy to possess narcotics.  Villarreal does not challenge the validity of any felony conviction in this petition.  Instead, he challenges the finding of a TDCJ-CID disciplinary hearing officer.  Villarreal asserts that he was convicted and punished on March 10, 2006, for breaking the prison disciplinary rules.  As punishment, Villarreal forfeited forty-five days of commissary and recreation privileges, and he was demoted

from State Approve Trustee Class 3 to Line Class 1. Villarreal did not lose any good-time credits as a result of the disciplinary proceeding. See Petition, Docket Entry No. 1, at 5.

Although Villarreal admits that he is guilty of an infraction, he alleges that the charge was wrongly upgraded to a more serious offense when he entered a nolo contendere plea. Villarreal argues that the upgrade violated his due process rights.

## II. Analysis -- No Actionable Punishment

A central issue in a federal action challenging a prison disciplinary proceeding is whether the petitioner actually lost good-time credits to the extent that it would affect the length of time he must serve in prison. See Hallmark v. Johnson, 118 F.3d 1073 (5th Cir. 1997). Villarreal admits that he did not lose any good-time credits and that the only punishment he suffered was a temporary forfeiture of privileges and a demotion in classification.

Villarreal does not have a liberty interest in a particular inmate classification. Meachum v. Fano, 96 S.Ct. 2532 (1976). Although he may reason that a reduction in time earning status would lengthen his stay in prison, such arguments have been rejected as speculative. Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (loss of opportunity to earn good-time credits due to classification is a consequence that does not implicate constitutional interests).

-2-

Inmates, such as Villarreal, may be allowed to earn good-conduct time to hasten their eligibility for release on parole or mandatory supervision, but they do not have an unqualified right to earn good time.  TEX. GOVT. CODE § 498.003(a) (West 2006) ("Good conduct time is a privilege and not a right.").

There is no legal basis to Villarreal's claim regarding his temporary loss of commissary and recreation privileges because such punishments are not actionable in federal court.  Sandin v. Conner, 115 S.Ct. 2293, 2297 (1995); Luken, at 193.  A prisoner does not have many of the rights and privileges that a free citizen enjoys. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).  In some instances the state may create liberty interests that are protected by the Due Process Clause.  Id.  However, a prison inmate may only seek relief from disciplinary actions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, at 2300.  The temporary restrictions placed upon Villarreal do not implicate due process concerns.  Madison, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns.  They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.").  See also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995).

If Villarreal were actually challenging a forfeiture of good time, such a claim might be actionable if his release under mandatory supervision were delayed by the results of the disciplinary proceeding.  Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000).  But such a scenario does not apply to this action, and Villarreal does not complain of any disciplinary sanction that can be remedied by this court.  Id.; see also Orellana, 65 F.3d at 31-32 ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").  Similarly, any possible adverse effects the disciplinary action may have had on Villarreal's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole.  Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995).

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Villarreal's habeas petition will be dismissed because it lacks an arguable basis in law.  See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

### III.  Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).  A district court may deny a Certificate of Appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that Villarreal has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

### IV.  Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

2.  Villarreal's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

3.  A Certificate of Appealability is **DENIED**.

4.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by sending one copy of each to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 16th day of August, 2006.

                                                              _____
                                                                          SIM LAKE
                                                            UNITED STATES DISTRICT JUDGE